**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | | |
|---|---|---|
| **CLAY R. BOYD AND CODY W. BOYD** | * | **CIVIL ACTION NO. 07-1984** |
| | * | **JUDGE JAMES** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE HAYES** |
| **SOUTHERN NATIONAL LIFE INSURANCE COMPANY, INC.** | | |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed motion for partial summary judgment filed by defendant Southern National Life Insurance Company ("Southern").  (Doc. #7).  Southern seeks resolution of three issues: (i) whether the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, governs the employee benefit plan at issue; (ii) whether the plan vests discretionary authority to Southern; and (iii) whether ERISA preempts all state law claims related to the employee benefit plan at issue.  For the reasons stated below, it is recommended that the motion be **GRANTED**.

### I

Southern contends that the plan in question is governed by ERISA.  Section 3(1) of ERISA describes an "employee welfare benefit plan" as

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . .

29 U.S.C. § 1002(1).  The Fifth Circuit uses a three-prong test to determine whether an employee

1

benefit arrangement is an ERISA plan.  *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993).  "To be an ERISA plan, the arrangement must be (1) a plan, (2) not excluded from ERISA coverage by the safe-harbor provisions established by the Department of Labor, and (3) established or maintained by the employer with the intent to benefit employees."  *Shearer v. Sw. Serv. Life Ins. Co.*, 2008 U.S. App. LEXIS 2244, at *5 (5th Cir. 2008).

**(1)**

To determine whether the arrangement is a plan, "a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."  *Meredith*, 980 F.2d at 355 (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982).  Here, there is little question as to the existence of a plan.  (*See* Docs. #7-5, #7-6, #7-7, #7-8 (containing, *inter alia*, a schedule of benefits, beneficiary designation, etc.)).

**(2)**

The safe-harbor provision excludes plans "if (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan."  *Meredith*, 980 F.2d at 355.  Since the employer in this case, Keith Rushing, Inc. d/b/a Monroe Packaging ("Rushing"), contributes to the plan, the plan is not excluded by the safe-harbor provision.  (Doc. #7-2 (indicating that Rushing contributes 50 percent of the premium)).

**(3)**

Finally, the court must "look to the two primary elements of an ERISA employee welfare benefit plan as defined by the statute: (1) whether an employer established or maintained the plan; and (2) whether the employer intended to provide benefits to its employees."  *Meredith*,

980 F.2d at 355 (internal quotation marks omitted).  "To determine whether an employer 'established or maintained' an employee benefit plan, 'the court should focus on the employer and its involvement with the administration of the plan.'"  *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 978 (5th Cir. 1991) (quoting *Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1452 (5th Cir. 1991)).  "[T]he purchase of a policy or multiple policies covering a class of employees offers substantial evidence that [an ERISA] plan, fund, or program has been established."  *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 242 (5th Cir. 1990).  Here, Rushing purchased a group policy covering a class of its employees that provides the employees with benefits.  (*See* Doc. #7-2).  In addition, Rushing has continued involvement with the administration of the plan. (Doc. #7-8, p.29).

Based on the uncontroverted summary judgment evidence offered by Southern, the undersigned concludes that the plan in this case is governed by ERISA.

## II

Southern contends that the plan does not vest it with discretionary authority.  Review of the terms of the policy indicates neither an express nor an implied grant of discretionary authority.  (*See* Docs. #7-5, #7-6, #7-7, #7-8).  Consequently, the undersigned concludes that the plan does not vest Southern with discretionary authority.

## III

Southern contends that ERISA preempts all of the plaintiffs' state law claims.  The sole issue before the court will be whether the plaintiffs are entitled to death benefits under the group plan discussed above.  Having reviewed the state court petition (Doc. #1-1), the undersigned agrees that ERISA preempts the state law claims in this case.  *See* 29 U.S.C. § 1144(a); *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 2910 (5th Cir. 1999) ("ERISA preempts all state claims

that 'relate to any employee benefit plan.'").

For the aforementioned reasons **IT IS RECOMMENDED** that the motion for partial summary judgment be **GRANTED**. Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 10th day of March, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE